IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **KEMBERLY JOHNSON-MORGAN** | : | |
| | : | |
| v. | : | CIVIL NO. L-00-3201 |
| | : | |
| **ARINC, INC.** | : | |

## ORDER

This case arises out of a dispute between Plaintiff, Kemberly Johnson-Morgan, and her former employer, Defendant, ARINC, Inc. In September 1986, Plaintiff commenced full-time employment with Defendant. In June 1996, Plaintiff suffered a head injury, which resulted in a chronic medical condition. Plaintiff's medical condition caused her to have intermittent absences from work and required certain accommodations to her work schedule. In December 1998, Plaintiff's employment was terminated by Defendant.

On April 24, 2001, Plaintiff filed an Amended Complaint against ARINC, Inc., alleging the following six counts: (i) discrimination in violation the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq. ("ADA"), (ii) retaliation in violation of the ADA, (iii) discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"), (iv) retaliation in violation of Title VII, (v) violation of the Family and Medical Leave Act, 29 U.S.C. §§ 2601 et seq. ("FMLA"), and (vi) retaliation in violation of the FMLA.

Now pending before the Court is Defendant's Partial Motion to Dismiss the ADA retaliation claim, the Title VII claims, and the FMLA violation claim. For the following reasons,

the Court hereby DENIES Defendant's Partial Motion to Dismiss without prejudice.

First, because Defendant moves to dismiss only four of the six counts alleged in the Amended Complaint, at least two of the counts will proceed to discovery. These two counts are factually related to the four counts that Defendant moves to dismiss. Accordingly, dismissing some of the counts, while allowing the remainder to proceed to discovery, would not save significant time or resources.

Furthermore, the Court finds that there are factual ambiguities regarding issues of material fact that make dismissal inappropriate.

First, Defendant moves to dismiss the ADA retaliation, Title VII discrimination, and Title VII retaliation claims on the grounds that Plaintiff failed to administratively exhaust her remedies. Specifically, Defendant contends that because these counts were not included in Plaintiff's EEOC "Charge of Discrimination," they should be dismissed. While Plaintiff concedes that the appropriate boxes were not checked on the EEOC charge, she contends that the claims are reasonably related to the allegations included in the EEOC charge and that Defendant had notice of the ADA retaliation and Title VII claims. Accordingly, these claims involve questions of fact that must be developed further through discovery.

Defendant also moves to dismiss the count alleging that Defendant violated the FMLA by failing to reinstate Plaintiff to the same or similar position and by requiring her to submit to an examination by a company physician. The parties disagree as to the date that Plaintiff was denied reinstatement and whether Plaintiff's examination was, indeed, a "fitness-for-duty" examination as described in Porter v. United States Alumoweld Co., Inc., 125 F.3d 243 (4th Cir. 1997). These are disputes of fact that can be clarified through discovery.

Accordingly, the motion to dismiss is DENIED without prejudice to refiling after discovery is completed. A scheduling order will be issued, and Defendant will have an opportunity to revisit this issue in a motion for summary judgment

It is so ORDERED this 13th day of December, 2001.

/s/ Benson Legg
Benson Everett Legg
United States District Judge